Mr. Justice Johnson
delivered the opinion of the court:
The arguments in support of the motion are deduced from the 3d and 6th sections of the 9th article of the constitution, and assume the position that the appellants were entitled to the right of a trial 'by jury. I apprehend, however, that it is not necessary to the determination of the present question to enter into an exposition of them. It will not be denied, that when parties are left free to contract or not, and do contract, they are supposed to do so, in reference to the existing laws in relation to the subject matter of the contract, and the law itself becomes a part of the contract. Nor will it be denied that the parties can, by express stipulations, dispense with the deservedly much esteemed trial by jury, as for instance, by á .reference to arbitration. Let us apply these rules to the present case. It is from the act of 1740, that the parties in *25 this case derived their power to contract about the matter in dispute. It points out who may be bound apprentice, and who may bind, and who take one. It prescribes the form of the indenture, and creates the tribunal resorted to in this Gase, and invests it with full powers to deterinine all matters in dispute between them. ' Now, according to the rules laid down, the patties aré supposed to assent to the terms which the act prescribes; and they aré as much bound by it as if every article and clause had been incorporated in the indenture, and their assent expressed ; and if the general rule be good, surely it applies with much greater force to cáses where the parties, as in this case, derive their power to contract wholly from the law itself; and when any condition, inconsistent with, or repugnant to the law, would be wholly void. I am aware that this principle might be carried so far as to give effect to laws, contrary to, and subversive of, the constitution 5 but its application appears to me to be limited by marked distinctions. If, for instance, an act be manifestly repugnant to the constitution, the parties are not supposed to contract in reference to the act, but in reference to the constitution, as the paramount law. And so long as it is confined in its application to legitimate subjects of legislation, no mischief can result from it: and there can be no question that the act under consideration is of this character. Indeed, the counsel for the motion, has, with his usual can-dour, admitted that the motion is founded rather on the views and wishes of his client, than his own judgment. — * This mode of proceeding is consecrated by a usage of ■eighty years.
Clarke, for the motion.
Hamilton and Peligru, contra*
The motion is refused.
Justices Colcock, Nott-, Richardson, Gantt and linger*, concurred.